UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN GRABOWSKI,

        Plaintiff,

 -against-            8:07-CV-1242
                  (LEK/DRH)

PHIL J. GIZZI, JR. a/k/a PHILIP J. GIZZI,
Individually and d/b/a NORTH COUNTRY
BUILDING & CONTRACTING,

        Defendant.

**DECISION and ORDER**

**I. Background**

Plaintiff, John Grabowski, brought this action against Defendant Philip J. Gizzi seeking damages for a breach of contract and a failure to comply with New York General Business Law § 349. Dkt. No. 1. Defendant failed to file an Answer or any other responsive paper to the Complaint and a default judgment was entered against the Defendant on July 24, 2008. Dkt. No. 6.

In accordance with the July 24, 2008 Order for Default Judgment, Plaintiff submitted an affidavit to this Court detailing the damages suffered by Plaintiff as a result of the Defendant's breach of contract and violation of Section 349. Damages Aff. (Dkt. No. 9). Under the First Cause of Action for the breach of contract, Plaintiff claims that he is entitled to $39,649.13 in damages. Aff. at ¶ 20. Under the Second Cause of action for the violation of section 349, Plaintiff claims that he is entitled to $118, 947.39 in treble damages. Aff. at ¶ 21. Plaintiff finally claims that he is entitled to attorneys fees in the amount of $2,695.00 and legal expenses in the amount of $405.11. Aff. at ¶ 21.

**II.     Discussion**

When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp., v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  The question of damages is then to be determined by the court upon consideration of additional affidavits and evidence "as it deems necessary and proper."  Fed. R. Civ. P. 55(b)(2); Transatlantic Marine Claims Agency, Inc., 109 F.3d 105, 111 (2d Cir. 1997); see also Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989) (under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there [is] a basis for the damages specified in the default judgment.").

The proper measure of damages in a construction contract case is "the difference between the amount due on the contract and the amount necessary to properly complete the job or to replace the defective construction."  Feldin v. Doty, 45 A.D.3d 1225, 1226, 848 N.Y.S.2d 374 (3d Dep't 2007).  Here, Plaintiff has submitted evidence demonstrating that in order to complete the construction that Defendant was required to complete under the contract, Plaintiff also had to repair defects caused by the Defendant.  See Aff. and attachments (Dkt. No. 9).  Plaintiff seeks $39,649.13 in damages.  Id.

Plaintiff also brings a claim under Section 349 of the New York General Business Law. Although traditionally the responsibility of the New York State Attorney General, individuals can bring lawsuits against businesses for "[d]eceptive acts or practices" under section 349(h) of the General Business Law.  N.Y. G.B.L. § 349(h).   Section 349(h), however, limits the amount of damages that an individual plaintiff is entitled to recover.  Id.  Although a plaintiff may recover his

or her actual damages or fifty dollars, whichever is greater, a court can additionally award treble damages, but not in excess of $1000. Id.; see also Grand General Store, Inc. v. Royal Indemn. Co., 1994 WL 163973 (S.D.N.Y. 1994); Robles v. 4 Brothers Homes, 2003 WL 23312872 (N.Y. City Civ. Ct. 2003). Here, Plaintiff requests that this Court grant him treble damages in the amount of $118,947.39 ($39,659.13 x 3). Aff. at ¶ 20 (Dkt. No. 9). However, the Court is limited to the statutory maximum, as provided by Section 349, of $1,000. N.Y. G.B.L. § 349.

Therefore, the Court grants Plaintiff's request for damages under the First Cause of Action for the Defendant's breach of contract in the amount of $39,649.13 and under the Second Cause of Action for violation of New York General Business Law § 349 in the amount of $1,000.[1]

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff is entitled to damages of $40,649.13; and it is further

**ORDERED**, that Plaintiff may recover the attorneys fees incurred pursuant to this action if he submits documentation supporting the request within **twenty (20) days of the date of the Order**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

DATED:     December 15, 2008
           Albany, New York

                                                _____
                                                Lawrence E. Kahn
                                                U.S. District Judge

---

[1] With respect to Plaintiff's request for attorney's fees and legal expenses, Plaintiff has not submitted any documentation to support his assertion that he has incurred fees and expenses totaling $3,100.11. The Court, however, will provide Plaintiff with an opportunity to submit the required documentation if he wishes to pursue this request.

3